UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-44-SEB-DLP-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JUSTIN SMITH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cr-00044-SEB-DLP |
| JUSTIN SMITH, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

Defendant Justin Smith requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Smith's motion is **denied**.

**I. Background**

In 2011, Mr. Smith was convicted of two counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a); and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C.§ 924(c). Dkt. 32. Pursuant to the terms of a plea agreement, the Court sentenced Mr. Smith to 324 months of imprisonment. *Id.* The Court also imposed 5 years of supervised release. *Id.*

Although Mr. Smith pled guilty to only one count under § 924(c), he was originally charged with two counts of violating § 924(c), and the United States agreed to drop the second charge under § 924(c) as part of a plea agreement. Dkt. 23. If the United States had not dropped the second § 924(c) charge and Mr. Smith had been convicted of both § 924(c) counts, under the law as it existed at the time, he would have faced a mandatory minimum sentence of 384 months just for those counts. *See* 18 U.S.C. § 924(c) (eff. Oct. 6, 2006, to Dec. 20, 2018).   Since that time, § 924(c)(1) has been amended, although the amended provisions do not apply retroactively. *See*

2

18 U.S.C. § 924(c)(1) (eff. Dec. 21, 2018). If Mr. Smith were sentenced today, the mandatory minimum sentence for the two § 924(c) counts would be only 168 months (84 months for each count), so he would face a mandatory minimum sentence 18 years shorter than the one he faced at the time of his plea agreement.

Mr. Smith filed a pro se motion for compassionate release. Dkt. 42. The Court appointed counsel to represent him, and appointed counsel filed a supporting memorandum on his behalf. Dkt. 50. The United States responded in opposition, dkt. 54, and Mr. Smith filed a reply, dkt. 55. Thus, his motion is now ripe.

## II. Discussion

Mr. Smith argues that extraordinary and compelling reasons warrant release in this case because his age (39) and medical conditions (including obesity, hypertension, and type 2 diabetes) increase his risk of experiencing severe symptoms if he contracts COVID-19. Dkt. 50. He also argues that his extraordinary rehabilitation is a reason to release him. *See* dkt. 55. Finally, he argues that extraordinary and compelling reasons warrant release because, if he were sentenced today, he would face a much shorter mandatory minimum sentence. *Id.* As a result, he contends that he would likely be able to bargain for and obtain a sentence of not more than 14 years—some 13 years less than the sentence he actually received. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

3

statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Smith's first reason for requesting a sentence reduction—that he might receive a far shorter sentence if sentenced today—is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i), whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.th 569, 571 (7th Cir. 2021) ("Given Congress's express decision to make the First Step Act's change to § 924(c) apply only prospectively, we hold that the amendment, whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction."); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

Mr. Smith's second reason for requesting a sentence reduction—the risk he faces from the COVID-19 pandemic in light of his age and medical conditions—also is not an extraordinary and compelling reason warrant release, whether considered alone or in combination with any other factors. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason

warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Mr. Smith is fully vaccinated, *see* dkt. 54-3 at 31–32, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Smith "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Mr. Smith has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

---

[1] In his supporting memorandum, Mr. Smith argued that his vaccination did not preclude a finding of extraordinary and compelling reasons warranting relief based on COVID-19 risk because "[i]t is impossible to predict how effective the vaccine will be in preventing [Mr. Smith] from experiencing severe illness or death from COVID-19," and "people may have a host of chronic health problems that could interfere with a vaccine's protection." Dkt. 50 at 14, 16. Defendant bears the burden of showing that extraordinary and compelling reasons warrant relief, and such speculative statements fall short of meeting that burden. Defendant also cited to an article about pre-COVID studies showing that being obese increases the likelihood of a poor vaccine-induced immune response. *Id.* at 16. Such studies fail to show that Mr. Smith cannot benefit from the COVID-19 vaccine. Finally, Defendant cited to an article discussing a study that he described as finding that "lean and normal-weight test subjects had higher levels of antibodies after receiving the [COVID-19] vaccine than overweight and obese subjects." *Id.* at 16. That article discusses a study that involved 248 healthcare workers in Rome and was not peer-reviewed. *See* https://www.news-medical.net/news/20210303/Obesity-may-reduce-COVID-19-vaccine-efficacy-say-researchers.aspx.
Thus, the Court declines to find that study sufficient to carry the burden of showing that Mr. Smith cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that people with obesity do not produce as many antibodies after receiving the COVID-19 vaccine as do people who are not obese, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

That leaves Mr. Smith's final potential reason for release—his rehabilitation. But rehabilitation alone is not an extraordinary and compelling reason for release. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Given the determination that Mr. Smith has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Smith's motion for compassionate release, dkt. [42], is **denied**.

**IT IS SO ORDERED.**

Date: 5/17/2022

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel